The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104
Dear Senator Faris:
I am writing in response to your request for an opinion regarding Ordinance No. 00-09 of the City of Malvern, entitled "Ordinance Funding Judicial Retirement," which was passed following an actuarial determination that the municipal judges and clerk retirement fund account would not be able to meet its financial objectives. A city is authorized in that instance, pursuant to A.C.A. § 24-8-318 (1), as amended byAct 1765 of 2003, to add to the account "up to 5% of all fines and forfeitures collected by the district court or by the city for violations of municipal ordinances or state laws[.]" The Ordinance recites § 24-18-318, and states:
 As authorized by statute A.C.A. § 24-8-318, there is a need for additional funding for local retirement plans and this funding is needed to increase the revenues for municipal the [sic] judges and clerk retirement fund to make it actuarially sound. Pursuant to A.C.A. § 24-8-318, the city council approves a $10.00 additional fine per citation to be collected by the city for violations of municipal ordinances or state laws.
Ordinance at Section 4.
The Ordinance states further that "this additional fee shall be distributed to the judicial retirement fund as established in the city treasurer's office pursuant to A.C.A. § 24-8-318." Ordinance at Section 5.
The following question is posed with regard to the Ordinance:
 Assuming that the additional $10.00 for each fine set out in Ordinance No. 00-09 to be paid into the municipal judge's retirement fund does not exceed five percent (5%) of all fines and forfeitures collected by the district court or city for violations of municipal ordinances or state laws, does the ordinance violate any of the provisions of Arkansas Code Ann. § 24-8-318?
RESPONSE
Although there would be no violation of A.C.A. § 24-8-318, (under the assumption that the additional amounts collected do not exceed 5% of fines and forfeitures), it is my opinion that the Ordinance is not authorized by § 24-8-318 (1), and that it is in all likelihood contrary to A.C.A. § 16-10-301 et seq., which establishes a uniform system of court costs.
It must be initially noted that A.C.A. § 24-8-318 makes no reference to additional fines to fund the 5% amount that may be added to an unsound retirement account. It simply authorizes this use of proceeds from fines and forfeitures. Contrary to the statement in Section 4 of the Ordinance, therefore, this "additional fine" is not established "[p]ursuant to A.C.A. § 24-8-318."
This is not to suggest that the City lacks authority to prescribe additional fines. To the contrary, the City clearly has the power to impose fines and forfeitures for violations of municipal ordinances. A.C.A. § 14-55-601(a) (Repl. 1998). This may be done either by the ordinance describing the particular offense, or by a general ordinance, i.e., one that prescribes fines or forfeitures generally. Id. at subsection (b). The Ordinance in question does not, however, in my opinion, constitute such an ordinance. While it might be contended that the Ordinance is prescribing a fine by general ordinance, as authorized by A.C.A. § 14-55-601, I believe this contention fails when it is realized that this "fine" is not fixed with reference to any offense(s). This is initially apparent from the absence of any language ensuring that the total fine amount does not exceed $500.00 for any one offense (see
A.C.A. § 14-55-504), or the maximum set for similar state law offenses (A.C.A. § 14-55-502). It is also significant to note that the additional "fine" is to be collected "for violations of municipal ordinances orstate laws." Ordinance at Section 4 (emphasis added). While the City may, by ordinance, prohibit conduct that constitutes a misdemeanor under state law (A.C.A. § 14-55-501), and it may adopt by reference any state criminal code or part thereof (A.C.A. § 14-55-207), I am aware of no authority for the City to impose a fine for violating state law.
Closer scrutiny reveals, in my opinion, that this "fine" is simply an additional amount that is to be collected "per citation" (Ordinance at Section 4), and that it more closely resembles a fee or cost than an actual fine. The distinction between a "fine" and a "court cost" was explained by one of my predecessors as follows:
 It has been stated generally that a `fine' constitutes in whole or in part the punishment for an offense. It is intended to serve as a punishment of the offender and to act as a deterrent to others who may be tempted to commit similar offenses. Fines are fixed with reference to the object they are designed to accomplish. See generally, 36A C.J.S. Fines § 3. A `court cost,' on the other hand, generally includes `fees and charges required by law to be paid to the courts or some of their officers, the amount of which is fixed by statute or court rule; e.g., filing and service fees.' Black's Law Dictionary (5th ed. 1989, p. 312 (defining `costs')). See also 20 C.J.S. Costs §§ 2 and 3.
Op. Att'y Gen. 98-036.
As indicated above, it seems clear that the "fine" approved by the Ordinance is not prescribed as part of the penalty for the offense. The judge presumably imposes the actual penalty for the particular municipal ordinance violation or the state law violation, according to the legislatively prescribed amount or within an established range. The $10.00 is then added and collected by the City, as a "fee for judicialretirement be placed in a separate line item on local judicial retirement." Ordinance at Section 6 (emphasis added). This, in my opinion, clearly establishes the "fine" as a fee or court cost. Accordingly, reference must be had to Act 1256 of 1995 (codified in pertinent part at A.C.A. § 16-10-301 et seq.), which created a system of uniform filing fees and court costs and prohibited the assessment or collection of additional costs as follows:
 No municipality or county shall authorize and no city court, district court, or circuit court shall assess or collect any other court costs other than those authorized by this act, unless specifically provided by state law.
A.C.A. § 16-10-305(d), as amended by Acts 2003, No. 1185, § 49 (emphasis added).
The General Assembly stated the intent underlying Act 1256 as follows:
 (a) It is hereby found by the General Assembly that the current system of funding the state judicial system has created inequity in the level of judicial services available to the citizens of the state. It is further determined that the current method of financing the state judicial system has become so complex as to make the administration of the system impossible. Finally, it is determined that the lack of any reliable data on the current cost of the state judicial system prohibits any comprehensive change in the funding of the system at this time.
 (b) It is, therefore, the intent of this act to eliminate the current system of collecting and assessing a large number of individual court costs and filing fees, to replace it with uniform costs and fees to be applied statewide, and to prohibit the implementation of new costs and fees for specific programs in the future.
Acts 1995, No. 1256, § 1 (A.C.A. § 16-10-301).
Because the Ordinance can in all likelihood be said to levy a "court cost," I must conclude it is contrary to state law. Denomination of the amount as a "fine" cannot, in my opinion, change its true character. There is no state law specifically providing for this additional fee for judicial retirement. To the contrary, A.C.A. § 16-10-308 addresses the funding of, inter alia, the municipal court judge and clerk retirement fund by filing fees and court costs, and the legislature has recently been explicit in prohibiting the use of court costs to fund the 5% of fines and forfeitures that may be added to an unsound retirement account pursuant to A.C.A. § 24-8-318. Act 1765 of 2003 amended § 24-8-318 (1) to add a provision stating that:
This five percent (5%) shall not be taken from court costs collected.
Acts 2003, No. 1765, § 31.
Accordingly, I must conclude that the Ordinance approving the additional $10.00 "fine" or "fee," which may properly be denominated a court cost, is contrary to state law.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh